IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:10CV04-RJC-DSC

**Christos Savas Procopis,**
   **PETITIONER**

v.

**Tabetha Jo Finger Procopis,**
   **RESPONDENT**

## ORDER ON PROVISIONAL REMEDY OF IMMEDIATE ISSUANCE OF ORDER FOR U.S. MARSHAL TO SERVE PETITION AND TO SEIZE RESPONDENT'S PASSPORT AND TRAVEL DOCUMENTS

**THIS MATTER** is before the Court on Petitioner's Motion for Provisional Remedy and Immediate Issuance of Order for Respondent to Surrender Passport and Travel Documents pursuant to 42 U.S.C. § 11604(a), the International Child Abduction Remedies Act, Articles 1 and 2 of the Convention on the Civil Aspects of International Child Abduction, and N.C.G.S. §§ 50A-210(a), (c), 50A-302 and 50A-303(b) of the Uniform Child Custody Jurisdiction and Enforcement Act.

  By the Motion, verified as part of Petitioner's Petition for Return of Wrongfully Retained Child, Petitioner seeks the immediate issuance of an (1) Order directing the U.S. Marshal to, upon service of the Petition for Return of Wrongfully Retained Child to Petitioner and Motion for Provisional Remedy of Immediate Issuance of Order for Respondent to Surrender Passport and Travel Documents, including all Exhibits thereto, seize all passports and any other travel documents for Respondent and I. Procopis for deposit with this Court for safe-keeping pending a final disposition of this case; (2) an Order maintaining the status quo and ordering Respondent and I. Procopis to remain in the Western District of North Carolina pending further Order of this Court; and (3) an expedited hearing on the Petition for Return of Child to Petitioner.

  In support of his Motion, Petitioner avers, *inter alia*, via verified Petition that:

  1. Respondent, Petitioner and the parties' minor child, I. Procopis, are habitual residents of Corfu, Greece.

  2. Under the applicable provisions of the Greek Civil Code, Articles 1510 and 1518, Respondent and Petitioner share joint custody of I. Procopis.

  3. Petitioner has filed a Petition for custody of the minor child in the Single-Judge Chamber of the Corfu Court of the First Instance.

4. Respondent has wrongfully retained the parties' daughter, I. Procopis, in Lawndale, North Carolina, from her habitual residence in Greece in violation of the Hague Convention on the Civil Aspects of International Child Abduction.

5. Respondent has breached Petitioner's custodial rights by wrongfully retaining I. Procopis in the United States.

6. Respondent originally left the parties' home in Greece with Petitioner's consent for Respondent and I. Procopis to temporarily visit with Respondent's family from April 2009 to September 28, 2009.

7. Respondent has subsequently refused to return with I. Procopis to Greece at any time, and has done so without Petitioner's consent. Petitioner avers that he has had telephone contact with Respondent, but Respondent refuses to voluntarily return the minor child to her habitual residence in Greece.

8. Petitioner avers that Respondent is in possession of the minor child's travel documents.

9. Petitioner avers that Respondent will not return the child voluntarily, and has threatened in the past that she would take the parties' child and leave Petitioner.

10. Petitioner avers that he has not consented to the Respondent's retention of the minor child in the United States and has requested on multiple occasions that Respondent voluntarily return to Greece with the minor child.

11. Petitioner avers that Respondent refuses to return the minor child to her home in Greece.

Based upon the averments of Petitioner, the Court concludes that pursuant to the Hague Convention, Articles 1 and 2; ICARA, 42 U.S.C. 11604; and the UCCJEA, N.C.G.S. §§ 50A-210(a), (c), 50A-302 and 50A-303(b), provisional remedies are necessary and appropriate to ensure the safety of the minor child, to prevent the Respondent from further secreting the minor child, to and to promote the expeditious determination of this case. It is the specific intention of this Order to maintain the status quo by maintaining the presence of the minor child and Respondent in the Western District of North Carolina due to the pendency of a Petition filed pursuant to the Convention, ICARA and the provisions of the UCCJEA cited herein, so that the Court can dispose of the issues presented in said Petition.

Accordingly, **IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Provisional Remedy is hereby **GRANTED** as follows:

1. The United States Marshal shall, as expeditiously as possible, serve upon Respondent the Petition for Return of Wrongfully Retained Child to Petitioner and Motion for Provisional Remedy of Immediate Issuance of

      Order for Respondent to Surrender Passport and Travel Documents and all Exhibits thereto and this Order.

2.     A writ of entry shall issue, and the same hereby does issue, for the United States Marshal to enter upon the property located at 115 Shytle Road, Lawndale, North Carolina 28090. The United States Marshal shall seize and Respondent shall surrender all travel documents and documents associated with travel, including, but not limited to passports (issued by any country), birth certificates and any other travel documents (tickets, visas and other like documents. The United States Marshal shall deposit such documents with the Court for safe-keeping pending the final hearing on this case.

3.     The United States Marshal shall have authority to take any necessary action to execute this Order. This Order shall constitute the above-issued writ of entry and shall evidence the authority of the United States Marshal to execute the Orders of the Court made herein.

4.     Upon receipt from the United States Marshal, the Clerk of this Court shall hold all passports and other travel documents pertaining to Respondent and the minor child, I. Procopis, until further Order of the Court.

5.     <u>This matter shall be scheduled for an evidentiary hearing on the Petitioner's Petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction on January 27, 2010 at 2:00 p.m. in Magistrate Courtroom, 401 W Trade St., Charlotte, N.C. 28202 before United States Magistrate Judge David S. Cayer</u>.

6.     This Order is entered pursuant to Hague Convention, Articles 1 and 2 and ICARA, 42 U.S.C. 11604(a), and the UCCJEA, N.C.G.S. §§ 50A-210(a), (c), 50A-302 and 50A-303(b).

**SO ORDERED**.          Signed: January 14, 2010

_____

David S. Cayer
United States Magistrate Judge