IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:10cv00004-RJC-DSC

| | |
|---|---|
| Christos Savas Procopis,<br>PETITIONER | |
| v. | CONSENT ORDER<br>FOR RETURN OF WRONGFULLY<br>RETAINED CHILD |
| Tabetha Jo Finger Procopis,<br>RESPONDENT | |

On January 27, 2010, at 2:00 p.m., Petitioner's Expedited Petition for Return of Wrongfully Retained Child to Petitioner came on for an evidentiary hearing before Magistrate Judge David S. Cayer. Petitioner appeared and was represented by his attorney of record, Irene P. King, of the law firm, James, McElroy & Diehl, P.A. Respondent appeared *pro se*.

Prior to the hearing in this matter, the parties advised the Court that they have reached an agreement with respect to Respondent's voluntary return of the minor child to her habitual residence in Corfu, Greece. The parties desire to enter this Order memorializing their agreement. The parties stipulate and agree that this Order is entered into freely and voluntarily; its terms are supported by the record, and are in the best interests and welfare of the minor child; and the interests of justice and the parties and the child will be served by the Court's signing and entering this decree. The parties have waived the necessity of the Court making additional findings of fact and/or conclusions of law in support of the Order, except as set forth below.

Although entered by consent, the parties recognize that this decree constitutes a ruling by the Court, as though entered following a trial on the merits, and is subject to being enforced by the contempt powers of the Court.

## FINDINGS OF FACT

1.  Petitioner Christos Savas Procopis and Respondent Tabetha Jo Finger Procopis are the natural parents of I. Procopis (DOB: 2005) (currently age 4). I. Procopis was born in London, England and has dual citizenship in the United States and Britain. She is a resident of Corfu, Greece, and has been a habitual resident of Greece since July 2006 and preceding the institution of this action.

2.  Petitioner is a resident of Corfu, Greece and has been a resident of Greece since July 2006. He was born in London, England and has British citizenship.

3. Respondent is a resident of Corfu, Greece and has been a resident of Greece since July 2006. She was born in Wisconsin, United States and has United States citizenship. Respondent applied for permanent residency in Greece on or about October 22, 2008.

4. Petitioner and Respondent were married on May 24, 2002.

5. Respondent has a minor child from a previous marriage, K.R. Richardson (DOB: 1997) (currently age 12), who resides in Lincoln County, North Carolina with her father, David Richardson. Pursuant to a Court Order entered in Lincoln County, Respondent is obligated to pay child support for the benefit of K.R. Richardson, K.R. Richardson primarily resides with Mr. Richardson in the United States and Respondent has visitation privileges with K.R. Richardson both in the United States and in Greece. Respondent and David Richardson were divorced prior to Respondent's marriage to Petitioner.

6. In early 2009, Respondent expressed to Petitioner her desire to visit her daughter from a previous marriage, K.R. Richardson, and mother, Edith Hartman, in the United States. On April 8, 2009, Respondent and I. Procopis, with Petitioner's consent at that time, travelled from Greece to Vale, North Carolina for a temporary visit with family members to last for a period of five (5) months.

7. Petitioner and Respondent agreed that Respondent and the minor child, I. Procopis, would return home to Greece on September 28, 2009. Based on Respondent's representations at the time she and the minor child departed Greece, Petitioner believed that Respondent had purchased tickets for Respondent and I. Procopis to return home to Greece on September 28, 2009.

8. During what Petitioner believed was a temporary visit to the United States, Petitioner and Respondent maintained frequent telephone contact and Respondent interacted with his wife and daughter on the telephone.

9. In July 2009, Respondent began acting distant towards Petitioner and told Petitioner by telephone that she did not intend to return to Greece and planned to stay in the United States indefinitely with the parties' daughter. This was the first time Petitioner had any received any indication from Respondent that was contrary to her previous representations that she and the minor child would return home to Greece on September 28, 2009.

10. In subsequent communications, Petitioner pleaded with Respondent to return with I. Procopis home to Greece.

11. In Petitioner's subsequent phone contact with Respondent, however, Respondent staunchly refused to return to Greece, and told Petitioner that she and I. Procopis would remain in the United States indefinitely.

2

12. Petitioner continued to plead with Respondent to return home to Greece with the minor child, but Respondent refused.

13. Failing to persuade Respondent to voluntarily return to Greece with I. Procopis, Petitioner took immediate action to involve the appropriate authorities to seek I. Procopis' safe and prompt return home to Greece. To that end, he completed an application with the Central Authority of Greece, averring that Respondent had retained I. Procopis in the United States without his consent. Petitioner's application to the Central Authority of Greece was completed and signed by Petitioner on or about July 17, 2009 and transmitted to the Central Authority of the United States, Office of Children's Issues.

14. During the process of completing the application, Petitioner realized that Respondent had taken from the parties' home certain important documents, including, but not limited to, the parties' marriage certificate, the child's birth certificate and Edith Hartman's Last Will and Testament, which corroborated Petitioner's fear that Respondent left Greece with the intention to never return.

15. Petitioner informed Respondent that he had contacted the Central Authority in Greece and had completed an application to seek I. Procopis' return pursuant to the Convention, at which point Respondent capitulated and subsequently agreed to voluntarily return to Greece on or about September 28, 2009.

16. Prior to the agreed upon date of return in September 2009, however, Respondent again changed her mind and resumed the position that she would not come home to Greece at the end of September 2009. This time she agreed to return, but proposed that Petitioner come to the United States to visit with Respondent and I. Procopis over the Thanksgiving and Christmas holidays and that the parties and I. Procopis would return home to Greece together on or about January 28, 2010.

17. Believing that the parties would reconcile and return to Greece as a family, Petitioner purchased a round-trip airline ticket and traveled to the United States on October 28, 2009 and scheduled to return to Greece on January 28, 2010.

18. Respondent told Petitioner that she had changed the tickets for her and the minor child to return to Greece from September 28, 2009 to January 28, 2010.

19. During Respondent's visit with Petitioner and I. Procopis in the United States, Respondent, once again, changed her mind and told Petitioner that she refused to return to Greece and that she and I. Procopis would remain in the United States. She later announced that she had never purchased any airline tickets to return to Greece at any time.

20. On December 16, 2009, Petitioner filed a petition (for the custody of the minor child) in the Single-Judge Chamber of the Corfu Court of the First Instance, seeking custody of the minor child, I. Procopis.

3

21. On January 5, 2010, Petitioner instituted this action in the Western District of North Carolina with the filing of a Civil Summons and Expedited Petition for Return of Wrongfully Retained Child to Petitioner (hereinafter "Petition") and Motion for Provisional Remedy of Immediate Issuance of Order for Respondent to Surrender Passport and Travel Documents (hereinafter "Motion"); Exhibits A through H thereto; and a proposed Order related to the Motion.

22. On January 14, 2010, the Court granted Petitioner's Motion and entered an Order on Provisional Remedy of Immediate Issuance of Order for U.S. Marshal to Serve Petition and to Seize Respondent's Passport and Travel Documents (hereinafter "Provisional Order"). The Provisional Order provided for service of the filings in this case upon Respondent by the U.S. Marshal Service.

23. On Tuesday, January 19, 2010, the U.S. Marshal Service personally served upon Respondent the Petition; Motion; Exhibits A through H to the Petition and Motion; Provisional Order; and a Notice of Hearing, notifying Respondent of the evidentiary hearing to take place on Wednesday, January 27, 2010 in the Magistrate Courtroom, 401 W Trade St, Charlotte, NC 28202 before Magistrate Judge David S. Cayer. Additionally, the U.S. Marshal Service seized Respondent and the minor child's passports and deposited them with the Clerk of Court for safe-keeping pending a determination of Petitioner's Petition.

24. On January 12, 2010, seven (7) days after the institution of this action, Respondent filed a Complaint in the District Court of Lincoln County, North Carolina, File No. 10-CVD-00066, seeking an *ex parte* order granting Respondent exclusive custody of the parties' minor child.

25. No Civil Summons was issued in conjunction with the filing of the Complaint.

26. Petitioner has not been served with the Complaint. Counsel for Petitioner had no notice of the filing of the Complaint until the discovery of the action through research of the Lincoln County docket.

27. On January 12, 2010, the Honorable K. Dean Black, District Court Judge Presiding in Lincoln County, entered an *ex parte* Custody Order (hereinafter "January 12, 2010 Custody Order") awarding Respondent temporary exclusive emergency custody of the parties' minor child, I. Procopis, to Respondent and reasonable visitation to Respondent as the parties may agree.

28. A Certificate of Service, filed January 20, 2010, eight (8) days after the Honorable K. Dean Black entered the January 12, 2010 Custody Order, indicates that Jeremy S. Wilson, attorney for Respondent, mailed a copy of the order to Petitioner via regular mail to a Post Restante address in Greece.

29. Jeremy S. Wilson has made no appearance in this action pending in the Western District of North Carolina.

30. Per the Lincoln County file, on January 20, 2010, the Honorable Ali B. Paksoy entered a second Emergency Custody Order (hereinafter "January 20, 2010 Custody Order"), stating that Petitioner had not been served as of January 20, 2010, and continued the January 12, 2010 Custody Order in effect until a review hearing during the term beginning February 9, 2010 in the District Court of Lincoln County, North Carolina.

31. No Certificate of Service issued with the January 20, 2010 Custody Order.

32. Petitioner has not been served with the January 20, 2010 Custody Order. Counsel for Petitioner had no notice of the January 20, 2010 Emergency Custody Order until discovery of the existence of the Lincoln County action on January 22, 2010.

33. On January 25, 2010, Petitioner filed a Motion to Stay in this action, seeking to stay the Lincoln County action, pending a final determination of Petitioner's Petition.

34. On January 25, 2010, the Court entered an Order staying the Lincoln County action pending a final determination of Petitioner's Petition.

35. Notwithstanding the filing of Respondent's action in Lincoln County and the *Ex Parte* Orders issued in that action, pursuant to the Greek Civil Code, and, until a determination by the Corfu Court of the First Instance, Petitioner and Respondent share joint custody of their daughter, I. Procopis, in accordance with Article 1510 of the Greek Civil Code, which states, *inter alia*: "Care for a child under age is a duty and a right of the parents (parental care) and is exercised jointly.

36. Respondent stipulates and agrees that she wrongfully retained I. Procopis in the United States without Petitioner's consent and in breach of Petitioner's joint custodial rights of I. Procopis.

37. Respondent stipulates and agrees that Petitioner was exercising his custody rights and duties with respect to I. Procopis just prior to Respondent's wrongful retention of I. Procopis in the United States.

38. Respondent stipulates and agrees that Corfu, Greece was the habitual residence of I. Procopis prior to Respondent's wrongful retention of I. Procopis and is the habitual residence of the minor child.

39. Respondent stipulates and agrees that the State of North Carolina does not have jurisdiction to hear custody matters pertaining to the parties' child, I. Procopis, and that Corfu, Greece, is the proper place to exercise custody jurisdiction.

40. Respondent stipulates and agrees that she shall cooperate with and facilitate the return of I. Procopis to her habitual residence in Corfu, Greece.

41. Respondent stipulates and agrees that Petitioner shall accompany I. Procopis in her return to Corfu, Greece.

42. The parties stipulate and agreed that no further findings of fact shall be required for this Order to be fully enforceable.

Based on the foregoing Findings of Fact, the Court draws the following:

## CONCLUSIONS OF LAW

1. Petitioner's Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Convention"), and the International Child Abduction Remedies Act (hereinafter "ICARA").

2. The Convention came into effect in the United States of America on July 1, 1988 and was ratified between the United States of America and Greece on June 1, 1993.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 11603 and because this case involves the removal and wrongful retention of a child under the age of sixteen (16) from her habitual residence of Greece, to the United States of America.

4. This Court has jurisdiction as the Respondent and the minor child are temporarily in the jurisdiction of this Court and have been temporarily located in Lawndale, North Carolina, which lies within the Federal District Court for the Western District of North Carolina.

5. Pursuant to the Hague Convention, the Court's task is to secure the prompt return of children wrongfully removed to or retained in any contracting State; and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

6. The primary purpose of the Hague Convention is to preserve the status quo and to deter parents from crossing international boundaries in search of a more sympathetic court.

7. Corfu, Greece, is the habitual residence of the minor child, I. Procopis and I. Procopis was habitually resident in Corfu, Greece at the time Respondent wrongfully retained I. Procopis in the United States.

8. Respondent wrongfully retained the minor child, I. Procopis, in the United States without Petitioner's consent, and over his objection.

9. Prior to Respondent's wrongful retention of the minor child in the United States, Petitioner and Respondent shared joint custody of their daughter, I. Procopis, in accordance with Article 1510 of the Greek Civil Code, which states, *inter alia*: "Care for a child under age is a duty and a right of the parents (parental care) and is exercised jointly.

10. The minor child, I. Procopis, should be immediately returned to her habitual residence in Corfu, Greece.

11. The Single-Judge Chamber of the Corfu Court of the First Instance is the proper court to exercise child custody jurisdiction.

12. The State of North Carolina is not the home State of the minor child, I. Procopis and North Carolina lacks authority to exercise custody jurisdiction.

13. The January 12, 2010 and January 20, 2010 Orders entered in Lincoln County Case File No. 10CVD00066 should be vacated and the parties stipulate and agree to jointly seek the entry of an Order vacating the January 12, 2010 and January 20, 2010 Orders entered in Lincoln County.

14. Respondent's Complaint in Lincoln County should be dismissed with prejudice and Respondent stipulates and agrees to file a voluntary dismissal of the Complaint contemporaneously with the entry of this Order.

15. This Order is entered with the consent of the parties.

16. The parties have stipulated and agreed that no further conclusions of law shall be required for this Order to be fully enforceable.

Based on the foregoing Findings of Fact and Conclusions of law, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

Petitioner's Expedited Petition for Return of Wrongfully Retained Child is hereby **GRANTED**.

1. I. Procopis shall be returned to her habitual residence of Corfu, Greece as soon as Petitioner is able to make arrangements for her return. Petitioner shall accompany I. Procopis on the return to Greece.

2. Respondent shall not interfere in any manner with respect to return of I. Procopis to her habitual residence in Corfu, Greece.

3. Contemporaneously with the entry of this Order, Respondent shall execute and file a dismissal with prejudice of the action in Lincoln County, File No. 10-CVD-00066.

4. Contemporaneously with the entry of this Order, the parties shall jointly seek the entry of an Order vacating the January 12, 2010 and January 20, 2010 Orders entered in Lincoln County.

This the 27th day of January, 2010

                                                David S. Cayer, Judge presiding

*WE CONSENT:*

Christos Sayas Procopis, Petitioner

Irene P. King
NC State Bar No. 32780
James, McElroy & Diehl, PA
600 S. College Street
Charlotte, NC 28202
Phone: (704) 372-9870
Fax: (704) 333-5508
Email: iking@jmdlaw.com

Tabetha Jo Finger Procopis, Respondent, *pro se*